J-A21021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DARRYL KENDAIL WOODY :
:
Appellant : No. 2366 EDA 2021

Appeal from the Judgment of Sentence Entered October 21, 2021
In the Court of Common Pleas of Lehigh County
Criminal Division at CP-39-CR-0002725-2020

BEFORE:  LAZARUS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                **FILED SEPTEMBER 30, 2022**

Darryl Kendail Woody (Appellant) appeals from the judgment of sentence imposed after he pled *nolo contendere* to possession with intent to deliver a controlled substance (PWID).[1]  Also, Appellant's court-appointed counsel, Michael Brunnabend, Esquire (Counsel), has filed a petition to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant Counsel's request to withdraw and affirm the judgment of sentence.

In February 2020, the Commonwealth charged Appellant with PWID (heroin) and other related crimes.  Appellant and the Commonwealth subsequently entered into a negotiated plea agreement.  The Commonwealth

---

[1] 35 P.S. § 780-113(a)(30).

agreed that in exchange for Appellant's plea of *nolo contendere* to PWID, the trial court would impose a minimum sentence that would not exceed 4½ years of imprisonment. **There was no agreement with respect to the maximum sentence**. On October 21, 2021, after Appellant entered his plea, the trial court immediately sentenced him,[2] pursuant to the plea agreement, to 4½ - 10 years of imprisonment, followed by 2 years of probation.

Appellant timely filed a post-sentence motion asserting his maximum sentence was manifestly excessive. Appellant asked the trial court to "enter an order modifying [Appellant's] sentence to 4.5 years to 9 years in a State Correctional Institution and/or eliminating the consecutive 2 years of probation." Post-Sentence Motion, 10/27/21, at 3. The court denied Appellant's motion on November 15, 2021. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On April 18, 2022, Counsel filed in this Court a petition to withdraw from representation and a separate **Anders** brief. Appellant did not file a response. We first address Counsel's petition to withdraw. **See Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Before being permitted to withdraw pursuant to **Anders**, counsel must satisfy certain procedural and

---

[2] Appellant waived his right to a pre-sentence investigation report.

substantive requirements. *Commonwealth v. Tejada*, 176 A.3d 355, 358

(Pa. Super. 2017). Procedurally, counsel must:

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the [*Anders*] brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 359 (citation omitted). Substantively, counsel must file an *Anders*

brief in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. It is settled law that "[s]ubstantial compliance

with the *Anders* requirements is sufficient." *Commonwealth v. Redmond*,

273 A.3d 1247, 1252 (Pa. Super. 2022) (emphasis added).

Counsel has substantially complied with *Anders*' procedural and

substantive requirements. Counsel states in his petition that he conducted a

thorough review of the record, Appellant's file, and applicable case law, and

thereafter found Appellant's issue to be frivolous. Petition to Withdraw as

Counsel, 4/18/22, at ¶¶ 3-4. Counsel provided Appellant with a copy of the

*Anders* brief, which summarizes the facts and procedural history, includes an

issue that could arguably support Appellant's appeal, and explains Counsel's

assessment of why Appellant's issue is frivolous. *See Anders* Brief at 7-14.

Counsel also attached to his petition to withdraw a copy of the letter he sent

to Appellant (*Anders* Letter), in which Counsel advised Appellant of his right

to retain private counsel or proceed *pro se*. Petition to Withdraw as Counsel,

4/18/22, Ex. A (*Anders* Letter).[3] Accordingly, we review Appellant's issue

presented in Counsel's *Anders* brief. We also conduct an independent review

of the record to determine whether Appellant's appeal is, in fact, wholly

frivolous. *See Santiago*, 978 A.2d at 358; *see also Commonwealth v.*

_____

[3] This Court explained that "[a]ttending the [*Anders*] brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (citation omitted); *see also Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005) (observing that appellant's direct appeal counsel, in the letter sent to appellant in connection with counsel's request to withdraw, "incorrectly implied that [a]ppellant is entitled to different court-appointed counsel. Rather, [a]ppellant is entitled only to retain new counsel or to proceed *pro se* should he choose to do so." (emphasis added)).

Here, Counsel's *Anders* Letter incorrectly advises Appellant that he may "request the appointment of counsel from the Superior Court should you feel that there are reasons for the same." *Anders* Letter, 4/13/22, at 2 (unnumbered). This defect did not unduly prejudice Appellant because Counsel's *Anders* Letter was otherwise compliant, and Appellant neither asked this Court to appoint new counsel nor responded to Counsel's petition to withdraw. *See Redmond*, *supra* (substantial compliance with the *Anders* requirements is sufficient); *Cf. Millisock*, 873 A.2d at 752 (denying counsel's petition to withdraw, and remanding with instructions for counsel to either file an advocate's brief or a compliant *Anders* brief, and to mail appellant a letter correctly advising him of his rights if counsel is permitted to withdraw); *Commonwealth v. Woods*, 939 A.2d 896, 901 (Pa. Super. 2007) (same).

*Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) ("part and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated.").

Counsel's *Anders* brief presents the following issues:

A. Whether the lower court abused its sentencing discretion when the court sentenced [Appellant] to a period of incarceration that complied with the plea agreement and had a minimum sentence as agreed to by [Appellant], but[] imposed an excessive maximum sentence?

B. May [] Counsel be permitted to withdraw after a conscientious review of the issues and the facts pursuant to the *Ander*[]*s* case?

*Anders* Brief at 7 (unnecessary capitalization omitted).

Appellant challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. *Commonwealth v. Solomon*, 247 A.3d 1163, 1167 (Pa. Super. 2021) (*en banc*). Rather, where the appellant has preserved the challenge by raising it in a post-sentence motion and timely appealing, he must (1) include in his brief a statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (2) show that there is a substantial question that the sentence is not appropriate under the Sentencing Code. *Id.*; *see also* 42 Pa.C.S.A. § 9781(b).

Here, the *Anders* brief includes a Rule 2119(f) statement. *Anders* Brief at 10. Therefore, we next determine whether the statement presents a substantial question for review. *See Commonwealth v. Brown*, 249 A.3d

- 5 -

1206, 1211 (Pa. Super. 2021) ("We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." (citation omitted)). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted).

Appellant claims in his Rule 2119(f) statement that the 10-year maximum term of his sentence is manifestly excessive, disproportionate to the crime he committed, and not in accord with his need for rehabilitation. *Anders* Brief at 10. Appellant further asserts the sentencing court "did not engage in any meaningful colloquy or inquiry into [Appellant's] situation and background prior to" imposing sentence. *Id.*

This Court has stated, "[w]hen the sentence is within the range prescribed by statute, a challenge to the maximum sentence imposed does not set forth a substantial question as to the appropriateness of the sentence under the guidelines." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1049 (Pa. Super. 2011) (citation omitted). Further, "a generic claim that a sentence is excessive does not raise a substantial question for our review." *Commonwealth v. Andrews*, 213 A.3d 1004, 1017 (Pa. Super. 2019)

(citation omitted); ***Commonwealth v. Booze***, 953 A.2d 1263, 1278 (Pa. Super. 2008) (same).

In this case, Appellant's 10-year maximum sentence is well below the statutory maximum he could have received, *i.e.*, 30 years of imprisonment. ***See*** 35 P.S. § 780-115(a) (increased penalties for second or subsequent PWID convictions); ***see also id.*** § 780-113(f)(1). Accordingly, Appellant's claim of an excessive maximum sentence fails to present a substantial question. ***See Yeomans***, ***supra***; ***Andrews***, ***supra***. However, Appellant's claim that the trial court failed to consider his "situation and background" prior to sentencing does raise a substantial question. ***See Commonwealth v. Luketic***, 162 A.3d 1149, 1162 (Pa. Super. 2017) ("A claim that a sentencing court ... sentenced a defendant without taking into account his ... character and background ... raises a substantial question that the sentence is inappropriate under the Sentencing Code.").

Accordingly, we address the merits of Appellant's claim, mindful of our standard of review: "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Moye***, 266 A.3d 666, 676 (Pa. Super. 2021) (citation omitted).

> An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bricker*, 41 A.3d 872, 875 (Pa. Super. 2012) (citation

omitted).

The Pennsylvania Supreme Court has explained the reason for our

deferential standard of review as follows:

> [**T**]**he sentencing court is in the best position** to measure
> various factors and determine the proper penalty for a particular
> offense based upon an evaluation of the individual circumstances
> before it. Simply stated, the sentencing court sentences flesh-and-
> blood defendants and **the nuances of sentencing decisions are**
> **difficult to gauge from the cold transcript used upon**
> **appellate review**. Moreover, the sentencing court enjoys an
> institutional advantage to appellate review, bringing to its
> decisions an expertise, experience, and judgment that should not
> be lightly disturbed.

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (emphasis added;

citations omitted).

The Sentencing Code mandates that a sentencing court "shall follow the

general principle that the sentence imposed should call for total confinement

that is consistent with … the protection of the public, the gravity of the offense

as it relates to the impact on the life of the victim and on the community, and

the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "If the

sentencing court, after considering the appropriate section 9721 sentencing

factors, states valid reasons for its sentence, which are supported by the

record, this Court must affirm the decision even if the particular panel does

not agree with the weight the sentencing court accorded them."

*Commonwealth v. Marts*, 889 A.2d 608, 616 (Pa. Super. 2005).

In denying Appellant's post-sentence motion, the trial court explained:

> In imposing [Appellant's] sentence, this court considered the "protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, the defendant's rehabilitative needs, and the sentencing guidelines." 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa. Super. 2008). This Court was cognizant of this thirty-seven (37) year old [Appellant's] prior criminal record and the fact that he has been involved in the criminal justice system for more than half of his life. His prior record consists of, *inter alia*, juvenile adjudications for receiving stolen property, aggravated assault, fleeing, and escape, as well as … adult convictions for person not to possess [a] firearm, firearms not to be carried without a license, false identification, recklessly endangering another person, and [PWID]. Based on his prior offenses, this court concluded that [Appellant] has a proclivity towards violence in the community and to carry weapons, even though he is prohibited from doing so. Using its discretion, this court imposed a sentence that is appropriate in light of the facts surrounding the case and is in compliance with the plea agreement.

Order, 11/15/21, at 3, n.1 (unnecessary capitalization omitted); *see also* Trial Court Rule 1925(a) Opinion, 12/20/21, at 2 (relying on the above reasoning).

Our review confirms that the trial court's reasoning is supported by the record and the law, and we discern no abuse of its considerable discretion in imposing Appellant's sentence. Contrary to Appellant's claims, his maximum sentence is neither excessive nor unreasonable; the trial court did not fail to consider Appellant's character and background; and the court stated valid reasons for its sentence. *Marts*, *supra*.

Because Appellant's claim lacks merit and is frivolous, and the record reveals no issues of arguable merit Appellant could raise, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2022